2002 ND 182

In the Matter of DISCIPLINARY AC-
TION AGAINST Darold A. AS-
BRIDGE, a Member of the Bar of the
State of North Dakota.

Disciplinary Board of the Supreme
Court of the State of North
Dakota, Petitioner,

v.

Darold A. Asbridge, Respondent.

No. 20020271.

Supreme Court of North Dakota.

Nov. 21, 2002.

PER CURIAM.

[¶ 1] Darold A. Asbridge was admitted to practice law in the courts of North Dakota on March 26, 1976, and since that time his name has appeared on the roll of attorneys.

[¶ 2] A Petition for Discipline was served on Asbridge on August 5, 2002.

The Report of the Hearing Panel and Stipulation and Consent to Discipline were filed October 1, 2002, and referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1F(2).

[¶ 3] In 1997, Neil Miller hired Asbridge to represent him in a dispute concerning a shotgun. Miller wanted to return the shotgun for a refund and gave Asbridge the papers relating to the purchase of the shotgun. Miller tried to contact Asbridge about the status of this matter but was put off by Asbridge.

[¶ 4] In 1999, Asbridge told Miller he had written a letter to the gun dealer which was sent by certified mail. Miller did not receive a copy of the letter or proof that it had been sent. Asbridge finally told Miller that the letter had been lost in the mail.

[¶ 5] In 2000, Miller requested his papers back. After several months, Miller was told Asbridge had lost his papers. In 2001, Miller found a buyer for the shotgun and incurred a loss of $3,400.

[¶ 6] By letter dated March 21, 2002, Asbridge was informed that Miller had filed a complaint against him, and under N.D.R. Lawyer Discipl. 3.1D(3), Asbridge had a duty to prepare a response and serve it on the investigator. Asbridge did not serve a response on the investigator nor did he respond to a phone message from her.

[¶ 7] Under N.D. Stds. Imposing Lawyer Sanctions 9.22(a), prior disciplinary offenses may be considered an aggravating condition. Asbridge has previously been disciplined, by consent probation, for violation of N.D.R. Lawyer Discipl. 1.2A(2) and (11).

[¶ 8] Asbridge's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, 1.4, Communication, 1.15, Safekeeping Proper-

ty, 8.1, Bar Admission and Disciplinary Matters, and N.D.R. Lawyer Discipl. 1.2A(8), which provides that a lawyer shall not willfully fail to respond to a lawful demand for information from a disciplinary authority.

[¶ 9]   **ORDERED,** the Stipulation and Consent to Discipline is accepted, the Report of the Hearing Panel is adopted, and Darold A. Asbridge is SUSPENDED from the practice of law for a period of 30 days, effective January 1, 2003.

[¶ 10]   **FURTHER ORDERED,** Darold A. Asbridge pay restitution in the amount of $3,400 to Neil Miller, to be paid through the office of Disciplinary Counsel on or before the conclusion of the 30–day suspension.

[¶ 11]   **FURTHER ORDERED,** Darold A. Asbridge pay the costs and expenses of the disciplinary proceedings in the amount of $250.

[¶ 12]   **FURTHER ORDERED,** Darold A. Asbridge comply with N.D.R. Lawyer Discipl. 6.3F.

[¶ 13] GERALD W. VANDEWALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN and DALE V. SANDSTROM, JJ., concur.